UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

DENNIS DONEGAN

    Plaintiff,

v.                          CASE NO.:   6:19-cv-1106

UNITED STATES DEPARTMENT
OF STATE, and MIKE POMPEO,
Secretary of State

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dennis Donegan by and through her undersigned counsel, sues Defendants, Mike Pompeo, Secretary of State and the United States Department of State (hereinafter "Defendants"), and alleges as follows:

1. This action arises under the American with Disabilities Act 42 U.S.C. § 12101 et seq.

2. The unlawful employment practices alleged were committed within Brevard County, Florida, Orange County, Florida, Washington DC, and Iraq.

3. Plaintiff is and has been a resident of Brevard County, Florida, at all times material herein.

4. Defendant, Mike Pompeo is the Secretary of State and leads the United States Department of State.

5. Defendant, United States Department of State is a federal government agency that employed the Plaintiff at all times material herein.

6. Plaintiff was an employee of Defendants within the meaning of 42 U.S.C. § 12111.

7. Defendants are a covered entity and employer as defined by 42 U.S.C. § 12111.

8. This action arises under 42 U.S.C. § 12203.

9. The Court has jurisdiction over these claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

10. The Defendant United States Department of State is engaged in an industry affecting commerce with 25 or more employees for each working day in each of 20 or more calendar weeks in the current or proceding calendar year.

11. Defendant Pompeo is an agent of the United States Department of State.

12. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

13. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent his interest in this matterand Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

### COUNT I: VIOLATION OF THE ANTI RETALIATION PROVISION OF THE AMERICANS WITH DISABILITIES ACT

14. Plaintiff re-alleges and incorporates paragraphs 1 through 13 of this Complaint as set forth in full herein.

15. Plaintiff is a United States Military Veteran with the diagnosed disability of Post-Traumatic Stress Disorder.

16. Plaintiff worked for the Defendants as an overseer at facilities operated by United States Department of State in Iraq.

17. It was Plaintiff's job to oversee private contractors working at these facilities and prevent any fraud, waste, or abuse.

18. The Plaintiff was outspoken often complaining about noncompliance issues with contractors, racial discrimination, and sexual harassment to his superiors.

19. Because of this outspokenness the Plaintiff became a target of harassment himself.

20. To wit Julia Cabus an administrator with the United States Department of State specifically assigned an employee Brandon Lee to harass the Plaintiff.

21. Mr. Lee was given authority by Julia Cabus to specifically target and to change the Plaintiff's travel arrangements to and from the United States and Iraq.

22. Mr. Lee would change the Plaintiff's arranged travel in order to aggravate the Plaintiff.

23. This would include but are not limited to: (1) changing the Plaintiff's departure airport to another airport over 100 miles away, (2) rebooking the Plaintiff's flights to increase the amount of layovers, (3) rebooking the Plaintiff's flights to increase the amount of time traveled, and (4) refusing to process travel documents submitted by the Plaintiff.

24. Mr. Lee told the Plaintiff that preparing the Plaintiff's travel arrangements was like planning to kill someone.

25. Mr. Lee also told the Plaintiff he had influence over whether the Plaintiff remained employed by the Defendants.

26. The Plaintiff complained to his supervisor Dan Glick that Mr. Lee's harassment was affecting and increasing his Post-Traumatic Stress Disorder.

27. The Plaintiff engaged in protected activity when he complained to Mr. Glick that Mr. Lee's harassment was affecting and increasing his Post-Traumatic Stress Disorder.

28. Shortly thereafter the Defendants took adverse employment action against the Plaintiff.

29. Dan Glick and Julia Cabus were aware of the Plaintiff's protected activity and protected status and recommended the adverse employment action.

30. The decision makers who Plaintiff's termination relied on the recommendations of Dan Glick and Julia Cabus, and did not perform and independent investigation.

31.     At this time the Plaintiff's job performance reviews were exemplary with no written documentation of discipline.

32.     As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff have been damaged.

33.     Specifically Defendants are liable to the Plaintiff for lost wages, front pay, compensable damages for emotional distress, punitive damages, attorney fees and costs.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which he may be entitled, including, but not limited to:

   A.    Lost wages found to be due and owing;

   B.    Compensable damages for emotional distress;

   C.    Front pay;

   D.    Punitive damages;

   E.    An award of reasonable attorney's fees and all costs incurred herein; and

   F.    All other damages to which Plaintiff may be entitled

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 13th day of June 2019

**ARCADIER, BIGGIE & WOOD, PLLC.**

*/s/ Stephen Biggie, Esquire*
Stephen Biggie, Esquire
Florida Bar No.: 0084035
Attorney for Plaintiff
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@wamalaw.com
Secondary Email: biggie@wamalaw.com

Phone: (321) 953-5998
Fax: (321) 953-6075